PER CURIAM.
Applicant, Richard Jay Ubl, hereinafter referred to as the Petitioner, brings here for review, pursuant to Article IV, Section 21, of the Rules of the Supreme Court Relating to Admissions to the Bar, 31 F.S.A., a decision of the Florida Board of Bar Examiners dated April 17, 1964, which decision, among other things, said:
“The evidence set out in the Findings before the Board compels the conclusion that the applicant does not meet the standards of character and fitness required by the provisions of Article IV, Sec. 20 of the Rules Relating to Admission to The Florida Bar. Accordingly, it is the decision of the Board that the application of Richard Jay Ubl be, and the same is, hereby denied.”
Petitioner, Ubl, a resident of Cleveland, Ohio, having attended Michigan State College, the University of Toledo, the University of Maryland and being a graduate of Cleveland-Marshall Law School, in proper season made application to the Florida Board of Bar Examiners, hereinafter referred to as the Board, for permission to stand the Florida Bar examination in August, 1963, and that he be admitted to the Bar of this State upon the passing of such examination. In accordance with the rules a routine investigation of his educational achievements and character and moral fitness was made, after which he was cleared for the examination. Subsequent to the examination but prior to the Board’s final recommendation concerning his proficiency and character and fitness requirements to become an attorney, additional information was received that cast doubt on his ethical qualifications. Further investigation was undertaken and petitioner’s grades were impounded. Upon being advised of this new condition, petitioner conferred at length with the Director. Thereafter, Specifications were prepared under the direction of the Board and served on him setting out in detail the charges, based on the new information about which the Board had become concerned, and which involved fraudulent representations made preliminary to his being admitted to stand the examination. The petitioner, in his answer, admitted the charges contained in the Specifications and attempted to explain each of them. He later appeared before the Board at a formal hearing held on the charges. Thereafter, on April 17, 1964, the Board submitted its Findings and Con-elusions and entered its administrative order denying the application of petitioner to become a member of The Florida Bar. The petitioner then timely made application to this Court to review the action of the Board. In accordance with Article IV, Section 21, supra, the matter was referred by the Chief Justice to Justice B. K. Roberts of this Court with directions “to interview and hear such candidate and make such inquiry of the Board and others as shall be necessary to a decision as to whether such candidate meets the character and fitness requirements.” A hearing was held July 28, 1964, and petitioner testified at great length in his own behalf. Petitioner again admitted the fraudulent statements made in connection with his original application, and again sought to excuse his conduct by noting that all but two of his transgressions occurred when he was much younger, unmarried and immature. Petitioner indicated a desire to rehabilitate himself and improve his legal education.
The extensive record in this matter, the action of the Board, the petition for review, the testimony presented, and the recommendation of the Justice to whom the *490 matter had been referred, have been carefully considered pursuant to Article IV, Sections 20 and 21 of the Rules of this Court Relating to Admissions to the Bar. The entire record fully supports the conclusion that petitioner has since an early age consistently followed a course of conduct intended to mislead and deceive others, but notwithstanding his false representations in his application, he did possess sufficient educational background as to entitle him to stand the examination. The Court is impressed to some extent by the apparent sincere desire on the part of the petitioner to atone for his wrong-doings, improve his legal education, and rehabilitate himself to a point of being worthy of the responsibilities of a lawyer.
The action of the Florida Board of Bar Examiners dated April 17, 1964, denying the application of Richard Jay Ubl to become a member of The Florida Bar is hereby approved and affirmed; but without prejudice to the right of the petitioner at any time after five years from this date to make a new application to the Florida Board of Bar Examiners for character clearance in order that he might demonstrate, if he can, that such rehabilitation has been accomplished as would entitle him to become a member of The Florida Bar, particularly with reference to his personal conduct during the five-year period following this date; and that his grades earned in the previous examination be impounded and preserved.
It is so ordered.
DREW, C. J., and THOMAS, ROBERTS, THORNAL, O’CONNELL, CALDWELL and ERVIN, JJ., concur.